UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAVONTE ALEXANDER,                )
                                  )
            Plaintiff,            )
                                  )
VS.                               )        CIVIL ACTION NO.
                                  )
DONALD CLEAR and McCORKLE         )        3:22-CV-1144-G
TRUCK LINE INC.,                  )
                                  )
            Defendants.           )

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the defendant McCorkle Truck Line Inc.'s ("McCorkle")

motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See*

Defendant McCorkle Truck Line Inc.'s Motion for Summary Judgment ("Motion")

(docket entry 21).  For the reasons set forth below, McCorkle's motion for summary

judgment is **DENIED**.

I.  <u>BACKGROUND</u>

This is a civil action brought by the plaintiff Javonte Alexander (the "plaintiff"

or "Alexander") for negligence, negligent entrustment, and respondeat superior

against Donald Clear ("Clear") and McCorkle (collectively, the "defendants").

Plaintiff's Original Petition and Request for Disclosure ("Complaint") at 3-4, *attached to* Defendant's Notice of Removal ("Notice of Removal") (docket entry 1) as Exhibit 1.  Below are the facts relevant to McCorkle's motion for summary judgment.

On or about January 22, 2020, Alexander alleges that he was driving south on Interstate 35 Highway in the left lane and that Clear was driving an 18-wheeler in the same direction in the middle lane.  Complaint at 2.  Alexander contends that Clear struck the passenger side of his vehicle, causing him to lose control of his vehicle and hit a concrete barrier on the highway.  *Id.*  Alexander avers that at all relevant times during this incident, Clear was operating a truck that McCorkle owned; was an employee, agent, and/or servant of McCorkle; and was acting in the course and scope of his employment with McCorkle.  *Id.* at 2-3.

Alexander filed his petition on January 21, 2022, in the 192nd Judicial District Court of Dallas County, Texas.  *See* Complaint.  On January 28, 2022, Alexander requested that a citation be issued to McCorkle.  Defendant McCorkle Truck Line, Inc.'s Brief in Support of Its Motion for Summary Judgment ("Brief in Support") (docket entry 22) at 3.  Alexander, however, did not serve McCorkle at that time and instead served it on April 28, 2022.  *Id.*

McCorkle removed this case to federal court on May 25, 2022, asserting that this court has diversity jurisdiction.  Notice of Removal at 2, 4.  On September 16, 2022, McCorkle filed the instant motion for summary judgment, arguing that there is

no dispute that Alexander failed to serve it within the two-year statute of limitations or exercise due diligence in attempting such service. Motion at 1-2, 4. Alexander filed his response on October 7, 2022, arguing that he has presented enough evidence demonstrating that there is a dispute as to whether he exercised due diligence in serving McCorkle and in the alternative that equitable tolling suspended the statute of limitations. Plaintiff's Response to Defendant McCorkle's Motion for Summary Judgment ("Response") (docket entry 25) at 1, 4. McCorkle did not file a reply.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986); *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). When, as here, the

movant bears the burden of proof at trial on an affirmative defense for which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  A defendant moving for summary judgment on an affirmative defense must make a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the defendant; otherwise, there is a genuine issue of fact and summary judgment cannot be granted. See *Anderson*, 477 U.S. at 248-49.

Once the moving party has carried its burden, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  While all the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden.  *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  If the nonmovant's "evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

- 4 -

B.  <u>Application</u>

McCorkle contends that the court should grant it summary judgment because
Alexander neither served it within the statute of limitations nor exercised due
diligence in effectuating service.  Motion at 1-2.  "Texas law applies in a diversity case
to determine whether the [plaintiff] tolled the statute of limitations when [he] filed
suit." *Saenz v. Keller Industries of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992)
(internal citation omitted).  Under Texas law, a person must bring suit for personal
injury not later than two years after the day the cause of action accrues.  TEX. CIV.
PRAC. & REM. CODE § 16.003(a).  "[A] cause of action accrues when a wrongful act
causes some legal injury, even if the fact of injury is not discovered until later, and
even if all resulting damages have not yet occurred."  *S.V. v. R.V.*, 933 S.W.2d 1, 4
(Tex. 1996) (internal citations omitted).

To satisfy the two-year statute of limitations, "a plaintiff must not only file
suit within the applicable limitations period, but must also use diligence to have the
defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)
(per curiam) (citing *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180, 182
(Tex. 1970)).  As such, if "a plaintiff files a petition within the limitations period, but
does not serve the defendant until after the statutory period has expired, the date of
service relates back to the date of filing if the plaintiff exercised diligence in effecting

service." *Id.* (citing *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)).

A plaintiff behaves diligently if he "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam).  Although determining whether a plaintiff was diligent is typically a fact question, a "lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence." *Saenz*, 951 F.2d at 667 (internal citations omitted).

If the defendant pleads the limitations defense and demonstrates that service of process occurred after the statute of limitations ran, the burden shifts to the plaintiff to explain why this delay occurred.  *Proulx*, 235 S.W.3d at 216 (internal quotation omitted).  "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.*  If "the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.* (citing *Zale Corporation*, 520 S.W.2d at 891).

- 6 -

Courts have found a lack of due diligence as a matter of law when the nonmovant either failed to point to specific evidence in the record explaining any periods of delay, any delays were unusually long, or the plaintiff did not even attempt service of process.  See *Gant*, 786 S.W.2d at 260 (concluding that the plaintiffs did not exercise due diligence as a matter of law because the evidence they provided showed they did nothing to attempt to serve the defendant during three delays that totaled thirty-eight months); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App -- Corpus Christi-Edinburg 1991, no writ) (concluding that the plaintiff did not exercise due diligence as a matter of law because there was an "unexplained delay of five months" between when the statute of limitations expired and service of process)*; Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App. -- Dallas 2009, no pet.) (holding that the plaintiff did not exercise due diligence as a matter of law because he offered no explanation for his delay in service of process after the statute of limitations had expired).

Here, McCorkle argues that there is no genuine dispute of material fact that the statute of limitations for Alexander's claims ran on January 22, 2022, that Alexander failed to serve it until ninety-five days after the statute of limitations lapsed, and that Alexander failed to exercise due diligence in effectuating service. Brief in Support at 1-2.  In contending that Alexander was not diligent, McCorkle points to:  (1) the seven-day period that occurred between Alexander filing this suit

- 7 -

on January 21, 2022, and his first request for service for McCorkle on January 28, 2022; and (2) that there is no evidence that Alexander tried to serve McCorkle during the ninety-five days that passed between the filing of this suit and the execution of successful service.  *Id.* at 4, 11; *see also* Exhibits A, B, and C, *attached to* Defendant McCorkle Truck Line, Inc.'s Appendix in Support of Its Motion for Summary Judgment (docket entry 23).  Consequently, McCorkle avers that Alexander failed to serve it before the statute of limitations ran and was not diligent in effectuating service, and, therefore, the statute of limitations bars Alexander's claims.  *Id.* at 11.  McCorkle has adequately highlighted for the court Alexander's failure to effectuate service before the statute of limitations ran and has pointed to specific gaps that illustrate Alexander was not diligent in effectuating service. McCorkle, therefore, has sufficiently carried its burden by directing the court to evidence as to why there is no dispute of material fact that the statute of limitations bars Alexander's claims.

Because McCorkle has sufficiently carried its summary judgment burden, the burden shifts to Alexander to demonstrate that there is a genuine dispute of material fact as to whether he served McCorkle within the statute of limitations or was diligent in effectuating service.  Alexander succeeds in doing this.  Alexander does not contend that he served McCorkle within the two-year statute of limitations, but rather, that the evidence he provides demonstrates that he was diligent in

effectuating service.[*]  Plaintiff's Brief in Support of Denying Motion for Summary Judgment ("Brief in Support of Response") at 2-3, *attached to* Response as Attachment 1.

Alexander argues that the sworn affidavit of the paralegal, Nataly Rojas ("Rojas"), who was assigned to effectuate service on both the defendants, explains the delay that McCorkle points to and demonstrates that he was diligent in effectuating service.  Brief in Support of Response at 3.  Rojas avers that she filed Alexander's complaint on January 21, 2022, and at that time requested service for both the defendants.  Affidavit of Nataly Rojas ("Affidavit") at 1, *attached to* Plaintiff's Appendix in Support of Its Response to Deny Motion for Summary Judgment as Exhibit 1, *attached to* Response as Attachment 2.  Rojas contends that the court clerk did not respond until January 28, 2022, with only a citation for Clear, that she requested a citation for McCorkle the same day, and that the court clerk did not send her McCorkle's citation until February 3, 2022.  *Id.*  Rojas argues that this explains

_____

[*]      Alexander also contends that, in the alternative, equitable tolling suspended the statute of limitations, and, therefore, the court should deny McCorkle's motion for summary judgment.  Response at 1.  Because Alexander has sufficiently demonstrated that there is a genuine dispute of material fact as to whether he was diligent in effectuating service on McCorkle, it is unnecessary for the court to analyze whether equitable tolling suspended the statute of limitations in this case.  The court, therefore, does not analyze whether, for summary judgment purposes, equitable tolling suspended the statute of limitations.

the delay between Alexander filing his complaint on January 21, 2022, and Rojas receiving McCorkle's citation on February 3, 2022.  *Id.*

Next, Rojas avers that on Friday, February 4, 2022, the Dallas-Fort Worth area experienced a severe winter storm that caused the firm's staff to work remotely, and during this remote work, technological issues prevented her from accessing McCorkle's citation.  Affidavit at 1-2; *see also* Exhibit A, *attached to* Plaintiff's Appendix in Support of Its Response to Deny Motion for Summary Judgment, *attached to* Response as Attachment 2 (containing a news report describing the severe winter storm in the Dallas-Forth Worth area on February 3 and 4, 2022); Exhibits B and C, *attached to* Plaintiff's Appendix in Support of Its Response to Deny Motion for Summary Judgment, *attached to* Response as Attachment 2 (comprising Rojas' text messages with coworkers detailing their technological issues).  Rojas, however, returned to work on February 7, 2022, and according to her, this explains the gap between February 3, 2022, and February 7, 2022.  Affidavit at 2.

Finally, Rojas argues that between February 7, 2022, and April 25, 2022, she believed that the process server was attempting to serve both the defendants.  *Id.* Rojas states in her affidavit that she "believed [she] was acting as a responsible person would, who believed that service attempts upon Defendants were being pursued diligently."  *Id.* at 3.  Rojas contends that during this period she diligently communicated with the process server and believed that service was being attempted

- 10 -

on both the defendants because "[m]ost, if not all, of the communications named both Defendants in the service attempts." *Id.* Rojas, however, admits that her oversight could have been due to stress and panic attacks – brought on by her personally contracting COVID-19, certain of her family members contracting COVID-19, and her sister having a miscarriage on January 31, 2022 – that caused her to take paid time off on February 11, 2022. *Id.*

On April 25, 2022, the firm received an order of dismissal for want of prosecution. Affidavit at 2-3. Rojas contends that it was not until April 27, 2022, that she became aware that service on McCorkle had not been attempted, as it was at this point that she looked online to see if she had missed a prior dismissal notice from the court and noticed that the court had sent McCorkle's citation to the firm on February 3, 2022, during the winter storm. *Id.* Thereafter, on April 27, 2022, Rojas sent the process server McCorkle's citation. *Id.* at 3. McCorkle was then served with process on April 28, 2022. Brief in Support of Response at 1.

Here, Alexander provides an explanation for each delay in serving McCorkle, he attaches evidence to further support each explanation, and under Texas case law it does not appear that a ninety-five-day delay between the expiration of the statute of limitations and service of process is unusually long. See *Gant*, 786 S.W.2d at 260; *Hansler*, 807 S.W.2d at 5. Furthermore, according to Rojas, any inaction in serving McCorkle was due to the fact that she believed the process server was attempting

service on McCorkle, rather than Alexander being non-diligent.  Affidavit at 3.  As

such, Alexander has sufficiently carried his burden by directing the court to specific

evidence in the record demonstrating that there is a dispute of material fact regarding

whether he was diligent, shifting the burden back to McCorkle to explain why

Alexander's evidence is insufficient.  McCorkle, however, chose not to file a reply,

consciously disregarding its opportunity to explain for the court why Alexander's

evidence is insufficient as a matter of law.  McCorkle's motion for summary

judgment, therefore, is denied.

### III.  CONCLUSION

For the reasons stated above, McCorkle's motion for summary judgment is

**DENIED**.

**SO ORDERED**.

April 25, 2023.

_C. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**